UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMY LEE SCOTT,

    Petitioner,

v.

THOMAS MACKIE,

    Respondent.

Case No. 15-11294
Honorable Laurie J. Michelson

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION [12]**

Jimmy Lee Scott filed a habeas corpus petition challenging his state court convictions for assault with intent to commit murder, unlawful imprisonment, and possession of a firearm during the commission of a felony. *See* 28 U.S.C. § 2254. His petition raised three claims for relief. The Court denied the petition in an opinion dated September 24, 2018. (ECF No. 10.) Scott has now moved for reconsideration. (ECF No. 12.)

Scott asserts that the Court erred in determining that the state court reasonably rejected one of his ineffective-assistance-of-counsel claims. Specifically, Scott states that the Court gave undue weight to the Forensic Center's determination that Scott was malingering during psychological testing, and that there was no legitimate strategic reason for his counsel to have abandoned a criminal responsibility defense without further investigation.

Under this court's Local Rule 7.1(h), a motion for reconsideration may be granted when the moving party can "demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled," and "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Mich. Dep't of Treasury v.*

*Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001).

Here, Scott does not point to any palpable defect. Instead, Scott argues his ineffective-assistance-of-counsel claim as if he were presenting it for *de novo* review on direct appeal. As explained in the opinion denying the petition, on habeas review "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable--a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles*, 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664).

Scott continues to rely on the affidavit of another attorney who states that there was no conceivable legitimate strategy for failing to seek an independent investigation into Scott's criminal responsibility. He also points to the fact that the Department of Corrections subsequently found him to suffer from mental illness, and he notes that he turned himself over to a residential mental health provider when he was released on tether.

It is true there was a basis to further explore criminal responsibility, and of course an attorney's failure to explore the possibility of an insanity defense can rise to the level of

2

constitutionally defective counsel. *See Daoud v. Davis*, 618 F.3d 525, 532 (6th Cir. 2010). But that is different from saying that an attorney must explore such a defense when there is reason to believe that Scott was malingering and where another line of defense—mitigation—presents itself.

Dr. Koltuniak of the Forensic Center opined that Scott was intentionally attempting to appear emotionally impaired and confused during his testing. (ECF No. 1-7, PageID.95–99.) A malingering test was administered, and the results indicated that Scott was deliberately answering questions regarding his memory incorrectly. (*Id.*) The report also indicated that Scott was either fabricating or exaggerating past auditory and visual hallucinations. (*Id.*)

While it possible that counsel could have found another expert to give a more favorable opinion, in the face of the report he had, the record demonstrates that trial counsel instead chose to pursue a strategy of contrition and mitigation. Any fair reading of the plea and sentencing transcripts shows that the trial court was persuaded by counsel's efforts and sentenced Scott leniently as a result of this strategy. The Court noted Scott's acceptance of responsibility and contrition as factors that led it to "reluctantly" accept the lenient sentencing recommendation over strenuous objection by the prosecutor. These factors might not have been present had counsel instead employed a more oppositional strategy but failed to gain an acquittal. In light of the fact that counsel was able to broker a fairly lenient sentence compared to the severity of his crime (and one that drew a vehement objection by the prosecutor), it was at least reasonable under the facts of this case for the state court to find that Scott did not demonstrate his counsel was ineffective. In short, Scott has failed to demonstrate that "there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98.

Because Scott is merely presenting issues which were already ruled upon by the court and does not point to any palpable defect in that ruling, the motion for reconsideration is DENIED.

3

IT IS SO ORDERED.

                                                  s/Laurie J. Michelson
                                                  LAURIE J. MICHELSON
                                                  UNITED STATES DISTRICT JUDGE

Date: April 2, 2019

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, April 2, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

                                                  s/William Barkholz
                                                  Case Manager